AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Lirim Sylejmani ) | Case No.   20-cr-106 (RC)/(GMH) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☑ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

❑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❑ Prior criminal history
❑ Participation in criminal activity while on probation, parole, or supervision

- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☒ Lack of stable employment
- ☐ Lack of stable residence
- ☒ Lack of financially responsible sureties
- ☒ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☒ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

### The defendant's evidence/arguments for release:

In this case in which Defendant is charged with terrorism offenses, Defendant requested that he be released to 24/7 home detention with no exceptions at his uncle's residence near Chicago. He emphasized that he has a supportive family who love him and want him to do well, that his uncle would allow him to reside at his uncle's residence with his uncle and his uncle's wife, both of whom are retired, and that his pretrial report shows that he presents low failure to appear and global re-arrest risks. He highlighted that he is an American citizen, has previously been employed as a case worker, and is a hardworking man focused on caring for his family. Defendant also noted that he has been detained for many months, most of which was in a Syrian Democratic Forces (SDF) prison that was in complete disrepair. He further noted that he was concerned he would die if he stayed in prison longer, and that he has suffered from malnutrition and is not in the best health. As to the evidence against him, he proffered that even though the government likely presented its strongest case against him, there are still problems with the government's evidence; specifically, the government's evidence is based in large part on mostly uncorroborated statements made by Defendant. He also proffered that the potential sentence he faces should not be a basis to detain him, as almost everyone charged with a federal offense faces a potentially high sentence, and he disputed whether the government would be able to prove one of the aggravating sentencing factors that it argued would apply. As to his dangerousness, Defendant emphasized that he never went to Syria with the intention of harming anyone, he never said he wished harm on anyone, he has not been involved in the terrorist organization in years, and he has never been a violent person. Last, as to whether he poses a flight risk, Defendant argued that because he was extradited to the United States, he presumably does not have travel documents, which suggests he would not be able to flee.

### Nature and circumstances of offense(s):

Defendant is charged with three counts of terrorism-related offenses for allegedly joining the Islamic State of Iraq and al-Sham (ISIS). These are some of the most serious offenses in the federal code and each trigger rebuttable presumptions of detention on both dangerousness and flight risk grounds, thus this factor weighs heavily in favor of Defendant's pretrial detention. The government proffered that Defendant left his home in Kosovo in 2015 and traveled with his family to Syria to join ISIS. Defendant allegedly knew ISIS was a terrorist organization and was killing Americans before he gave up his United States passport, traveled to Syria using false documents, registered with the terrorist organization, took an ISIS name, completed ISIS classroom and military training–which included instruction in ground tactics and weaponry–pledged allegiance to ISIS and its leader, was assigned to different battalions traveling across Iraq and Syria, and was stationed as a guard during a battle between ISIS and U.S. Coalition members and Syrian Democratic Forces (SDF), although he left the battle without fighting. In February 2017, Defendant surrendered himself and his family to SDF custody.

### The strength of the government's evidence:

The government's evidence is strong, thus this factor also weighs in favor of pretrial detention. The government proffered that after he surrendered, Defendant made numerous statements to various media outlets and the Federal Bureau of Investigation (FBI)–after acknowledging his *Miranda* rights–which corroborate the government's allegations. Even if there are evidentiary issues regarding the statements Defendant made to the FBI, those issues are not before the undersigned at this time, thus this evidence can be considered in support of his detention. *See United States v. Ausby*, No. CR 72-67 (BAH), 2019 WL 2452988, at *7 (D.D.C. June 11, 2019) (noting that "other circuits have uniformly held that at the detention hearing stage, the court may consider even evidence that may ultimately be challenged and suppressed"). The government further proffered that it has evidence of text messages Defendant sent to his sister while he was part of ISIS in which he admitted to being "in training" and being located "in the Islamic State." Further, the government's detention memorandum includes a picture that it proffers is of Defendant and other known ISIS members. Last, Defendant turned himself and his family in to SDF custody at a time during which the SDF was successfully taking back ISIS territory and ISIS fighters were allowed to self-surrender to incarceration; this timing suggests that Defendant was not mistakenly captured by SDF or U.S. Coalition forces, but rather knew that he was a member of ISIS and took the opportunity to surrender.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Defendant is an American citizen and has extended family in America with whom he could reside. He also has no criminal record, has previously been legally employed, and is married with children. However, Defendant's immediate family remains in a displaced persons camp in or near Syria, he does not appear to have close ties with his family in America, he seemingly denounced America when he gave up his U.S. passport to travel to Syria to join ISIS, he has not lived in the United States for nine years, and he used false documents to travel to Syria. Most notably, Defendant has admitted to joining ISIS with the full knowledge of the violent atrocities committed by the organization. For these reasons, Defendant's negative characteristics far outweigh his positive ones; therefore, this factor also weighs in favor of detention and Defendant has failed to rebut the presumption of detention as to either dangerousness or fugitivity.

The defendant's dangerousness/risk of flight:

Defendant's release poses risks of danger and fugitivity that no condition or combination of conditions can adequately mitigate. Defendant allegedly joined a violent terrorist organization and received combat training to support the organization. Like any organization, ISIS needs personnel to grow and advance its mission. Even absent any allegations that Defendant fired his weapons in battle or engaged in other violent conduct, his mere membership in ISIS presents a danger to the global community. Notably, Defendant admitted to being trained in the use of dangerous weapons, including machine guns and grenades, which further increases the dangers posed by his release. As to his risk of fugitivity, it is notable that Defendant has lived in multiple overseas countries, appears to have minimal remaining ties to the United States, his immediate family resides overseas in a displaced persons camp, and he has demonstrated an ability to cross international borders using false paperwork. He also faces the possibility of being incarcerated for a very lengthy time, and has already endured months of incarceration. All of these circumstances suggest that he would be incentivized to flee and would have the capacity to do so. Not even home incarceration with GPS monitoring can sufficiently mitigate the risk that if released, Defendant would flee or endanger the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   **November 10, 2020**

United States Magistrate Judge